UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oliver M. Boling, # 36688-118, | ) **C/A No. 4:12-3368-CMC-TER** |
| | ) [*formerly* C/A No. 1:12-cv-01576 (D.D.C.)] |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Superior Court of the District of Columbia; | ) |
| Warden of FCI-Estill, | ) |
| Respondents. | ) |

## *Background of this Case*

This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is confined at FCI-Estill. A summary of Petitioner's prior litigation in various federal courts appears in the Order of the Honorable Cameron McGowan Currie, United States District Judge, in *Boling v. Rivera*, Civil Action No. 4:10-2957-CMC-TER, 2011 WL 6182124, at *4–*8 (D.S.C. Dec. 13, 2011), *appeal dismissed*, *Boling v. U.S. Parole Comm'r*, No. 12–6181, 472 Fed. Appx. 177, 2012 WL 1435734 (4th Cir. April 26, 2012).

The above-captioned case was originally filed in the United States District Court for the District of Columbia on September 17, 2012. Petitioner paid the five-dollar ($5) filing fee in the United States District Court for the District of Columbia (Receipt No. 4616051590). On October 4, 2012, the Honorable Rudolph Contreras, United States District Judge, issued an order to show cause (ECF No. 2) as to why the above-captioned case should not be transferred to the district of Petitioner's confinement. Petitioner responded to the order to show cause on October 22, 2012 (ECF

No. 3). On November 6, 2012, Judge Contreras, by order (ECF No. 4), transferred the case to the District of South Carolina. The Clerk's Office of the United States District Court for the District of Columbia transmitted the case file electronically to the District of South Carolina on November 27, 2012 (ECF No. 27).

In the above-captioned case, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a remand of his criminal conviction and sentence entered in the Superior Court for the District of Columbia in Case No. F-204-84. Petitioner states that there is no transcript of his trial court proceedings and that he has been denied the opportunity to review the transcript of his trial court proceedings (ECF No. 1, at page 1).[1]

Petitioner states that he has exhausted his "local remedies" in courts of the District of Columbia. Petitioner discloses that he is serving a sentence for armed robbery entered pursuant to D.C. Code § 22-2901. Petitioner on September 19, 1985, was convicted in the Superior Court for the District of Columbia and was sentenced to two (2) consecutive terms of eight to twenty-four years, which Petitioner calls an "aggregated term of 16 to 48 years." (ECF No. 1, at page 5). Petitioner states that he was told by counsel that there were no transcripts in his case. On May 22, 1987, the District of Columbia Court of Appeals affirmed the convictions. Petitioner also states that he believes that he was abandoned by his counsel.

Petitioner allegations indicate that he has been seeking a trial transcript from the Superior Court for the District of Columbia since September 17, 1987, without success. Petitioner on December 6, 2000, filed a motion pursuant to D.C. Code § 23-110(g), wherein he again sought a

---

[1] The undersigned is using the CM-ECF pagination. The first page of the Petition is an unnumbered page. Petitioner labels the second page of the Petition at page 1.

2

transcript and correction of his allegedly illegal sentence (ECF No. 1, at page 6). Petitioner states that his motion was denied by Judge Canan on November 28, 2001. Petitioner's appeal from Judge Canan's ruling was not successful. On February 11, 2003, the District of Columbia Court of Appeals denied Petitioner's appeal.

Petitioner on June 18, 2009, filed a Rule 60(b) motion with respect to Judge Canan's ruling and sought relief based on fraud upon the court. On October 9, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to D.C. Code § 16-1901(a) for false imprisonment. According to Petitioner, no ruling was made on either of the two motions for twenty-six months.

Petitioner also mailed a motion filed pursuant to Superior Court Rule of Civil Procedure Rule 8(a)(2) to the Chief Judge for the Superior Court for the District of Columbia, wherein he complained about the lack of a trial transcript.[2] On January 12, 2012, Petitioner received a letter from a "Law Clerk" for Chief Judge Lee F. Satterfield, which enclosed Petitioner's motion without being filed (ECF No. 1, at pages 9–10). On June 5, 2012, Petitioner received notice of the denial of his Petition for Writ of Habeas Corpus filed pursuant to D.C. Code § 16-1901.

The denial of Petitioner Petition for Writ of Habeas Corpus pursuant to D.C. Code § 16-1901 was entered by the Honorable Erik P. Christian, Superior Court Judge. Petitioner also discloses that Judge Christian imposed a pre-filing injunction on Petitioner. The pre-filing injunction prohibits Petitioner from filing additional motions collaterally attacking his sentence without leave of the Superior Court. Petitioner also sought a writ of mandamus, which was denied by the District of Columbia Court of Appeals on June 12, 2012 (ECF No. 1, at pages 119–20).

---

[2] It appears that the motion mailed to Chief Judge Satterfield was sent *ex parte* and was not filed with the Clerk of the Superior Court for the District of Columbia.

In the remaining portion of the Petition, Petitioner reiterates his contentions that he has exhausted his local remedies and that his sentence should be vacated because there is no transcript. Appended to the Petition are one hundred twenty-one pages of exhibits, which confirm that Petitioner has been seeking a transcript and collateral relief since 1987.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can

---

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The one hundred twenty-one pages of exhibits (ECF No. 1, at pages 20–120) reveal that Petitioner has indeed exhausted his local remedies in the courts of the District of Columbia. Nonetheless, the United States District Court for the District of South Carolina lacks jurisdiction to review Petitioner's convictions and sentences.

Petitioner is obviously attempting to proceed under 28 U.S.C. § 2241 because he cannot bring an action pursuant to other statutes. Section 2254 is not available to persons convicted in the Superior Court for the District of Columbia because the District of Columbia is not a State. *See Swain v. Pressley,* 430 U.S. 372, 377 (1977); *Palmore v. United States,* 411 U.S. 389, 394–95 (1973); and *Butler v. Huibregtse*, No. 10-cv-0128-bbc, 2010 WL 1288729, at *1 n. 1 (D. Wis. Mar. 26, 2010) ("Although the District of Columbia's local court system is analogous to those in the states, the district is not technically a 'state.'"), *reconsideration denied*, 2010 WL 1288729 (D. Wis. May 12, 2010). Section 2255 is not available to persons convicted in the Superior Court for the District of Columbia because they are not "federal" offenders. *See Swain v. Pressley*, 430 U.S. at 377.

The court in *Butler v. Huibregtse* described the unique status of the District of Columbia's criminal code and post-conviction procedure:

> In 1970, Congress enacted the District of Columbia Court Reform and Criminal Procedure Act, 84 Stat. 473, which transferred general jurisdiction of local matters from the federal courts located in that district to the local courts. *Swain v. Pressley*, 430 U.S. 372, 375 & n. 4, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977) (discussing background of Act); *Palmore v. United States*, 411 U.S. 389, n. 2, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973) (same). Under the current court system, which is "analogous to those found in the States," *id.* at n. 4,

5

all local matters are heard by the Superior Court of the District of Columbia and all appeals from that court are heard by the District of Columbia Court of Appeals, whereas the United States Courts in the District of Columbia exercise jurisdiction concurrent with that exercised by the federal courts in the various states. *Id.*

As part of the 1970 legislation, Congress established a procedure for collateral review of convictions imposed by the Superior Court of the District of Columbia that mirrors that authorized by 28 U.S.C. § 2255 for the United States district courts. D.C. Code § 23-110 provides, in relevant part, as follows:

> (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
>
> * * *
>
> (g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C.Code § 23-110.

Thus, even though the District of Columbia court system may be the functional equivalent of a state court system, District of Columbia prisoners are more circumscribed than their state counterparts in their ability to obtain federal habeas corpus relief. Whereas a state prisoner may resort to federal habeas corpus after exhausting his state remedies, a District of Columbia prisoner can do so only if the local remedy is "inadequate or ineffective to test the

> legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986). *See also Swain*, 430 U.S. at 381-382 (upholding § 23-110 against suspension clause challenge); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Absent a showing that the § 23-110 remedy is inadequate or ineffective, the federal court lacks jurisdiction and the petition must be dismissed.

*Butler v. Huibregtse*, 2010 WL 1288729, at *2.

D.C. Code § 23-110 confers subject matter jurisdiction to entertain collateral attacks upon Superior Court sentences only in the trial court. D.C. Code § 23-110 is, in effect, "the functional equivalent of 28 U.S.C. § 2255." *Jackson v. Rios,* Civil Action No. 7:08-CV-114-KKC, 2008 WL 3154617, at *3 (W.D. Ky. Aug. 5, 2008). Prisoners serving sentences imposed by the Superior Court of the District of Columbia must file motions challenging their sentences in the Superior Court, and federal district courts are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the District of Columbia Superior Court. *See Swain*, 430 U.S. at 377–78; *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges); and *Saleh v. Braxton*, 788 F. Supp. 1232, 1232 (D.D.C. 1992), which are cited in *Jackson v. Rios*, 2008 WL 3154617, at *3.

Although Petitioner has clearly exhausted his local remedies in the court of the District of Columbia, his utilization of his remedies pursuant to the D.C. Code of Laws precludes him from seeking relief in a federal district court. Several federal district courts have noted that this statutory bar is akin to case law and statutory law prohibiting district courts from reviewing, in a Section 2241 action, claims cognizable under 28 U.S.C. § 2255. *See Jackson v. Rios*, 2008 WL 3154617, at *3–*4; *Padgett v. Hastings*, No. Civ.A. 7:05-353-DCR, 2006 WL 544287, at *2 (E.D. Ky. Mar. 6, 2006) ("In *Swain*, the Supreme Court explained that Section 23-110 provides D.C. prisoners with

a post-conviction relief mechanism directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners. Section 23-110 even includes its own 'savings clause' using substantially identical language to that found in the fifth unnumbered paragraph of Section 2255."); and *Saleh v. Braxton*:

> Although the District of Columbia is not a state, Congress has provided prisoners incarcerated pursuant to a Superior Court sentence with a local remedy in District of Columbia Code § 23–110. This section provides that prisoners may collaterally challenge the legality of their sentence directly in the Superior Court and, if they are unsuccessful there, by appeal to the D.C. Court of Appeals. *See Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986). The court of appeals has further declared that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Id.* Section 23–110 has been found to be adequate and effective because it is coextensive with habeas corpus. *See id.*; *Swain v. Pressley*, 430 U.S. 372, 377–82, 97 S.Ct. 1224, 1227–30, 51 L.Ed.2d 411 (1977). Petitioner's recourse, therefore, lies in the first instance in the D.C. Superior Court; this Court lacks jurisdiction to hear his petition.
>
> Accordingly, the petition is DISMISSED, *sua sponte*.

*Saleh v. Braxton*, 788 F. Supp. at 1232.

The fact that Petitioner has not been successful in his collateral attacks in the Superior Court of the District of Columbia and in the District of Columbia Court of Appeals does not mean that the remedies provided by the District of Columbia Code are inadequate or ineffective. *See Fletcher v. Owen*, Civil Action No. 1:11-1334-JFA-SVH, 2011 WL 5980933, at *3 (D.S.C. Sept. 8, 2011) ("Because Petitioner is not permitted to file this § 2241 petition in this court, this court lacks jurisdiction over the petition."), *adopted by* 2011 WL 5980806, at *2 (D.S.C. Nov. 29, 2011) ("Petitioner essentially argues that his appeal was inadequate or ineffective because it was unsuccessful. As the Magistrate notes, lack of success does not provide sufficient grounds to show

that his D.C. Code § 23-110 appeal was inadequate or ineffective."), *aff'd*, No. 11-7627, 468 Fed.Appx. 315, 316, 2012 WL 626459 (4th Cir. Feb. 28, 2012) (affirming dismissal for lack of jurisdiction).

## *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondents to file an Answer or return.* See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."), which may be applied to Section 2241 cases under Rule 1(b). It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| November 29, 2012 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

9

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).