IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Oliver Boling, #36688-118, ) | C/A NO. 4:12-3368-CMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Superior Court of the District of Columbia, ) | |
| Warden of FCI–Estill, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas under 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, upon its transfer, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On November 29, 2012, the Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without service on Respondents, and that a certificate of appealability be denied. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on December 17, 2012..

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Report. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner contends that because he has appealed the order which transferred this petition to this District, any action by this court is premature. However, a transfer under 28 U.S.C. § 1631 between two district courts is not a final appealable order. *See Middlebrooks v. Smith*, 735 F.2d 431, (11th Cir.1984); *Carreras v. Fed. Bureau of Prisons*, 5 F. App'x 247 (4th Cir. 2001) (citing *Middlebrooks*).

Petitioner also cites *Palmore v. Superior Court of the District of Columbia*, 515 F.2d 1294 (D.C. Cir. 1975), for the proposition that § 2241 may be used to bring a habeas petition in a federal district court relating to the issue on which he seeks relief. However, *Palmore* is not applicable to the current case, and was subsequently vacated by *Stone v. Powell*, 428 U.S. 465 (1976).

Therefore, for the reasons stated by the Magistrate Judge, the petition is dismissed without prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 3, 2013